[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case, which involves General Statutes § 20-418 et seq., the Home Improvement Act, is on remand from the Supreme Court inWright Bros. Builders, Inc. v. Dowling, 247 Conn. 218,720 A.2d 235 (1998). The Supreme Court determined that the contract between the plaintiff, Wright Brothers Builders, Inc., a home improvement contractor, and the defendants, Joseph A. Dowling and Sandra 0. Dowling, homeowners, complied with the Home Improvement Act. The case was remanded to this court "for consideration of any remaining objections to the recommended judgment of the attorney trial referee." Id., 234. CT Page 13055
As indicated in a memorandum of decision by this court dated June 26, 1996, the attorney trial referee, Robert P. Dolian, Esquire, recommended that judgement enter in favor of the plaintiff for $101,275 on its complaint and against the defendants with respect to their counterclaim. The referee arrived at this figure by making the following factual findings: (1) on September 20, 1993, the plaintiff and Mr. Dowling signed an amendment to the original contract of January 11, 1993, in which the plaintiff agreed to finish the Dowlings' house for an additional $75,000, which was paid by the defendants, plus an additional $67,474 within sixty days after receiving a certificate of occupancy, which was not paid to the plaintiff; and (2) the defendants had ordered and received $33,801 of "extras." Hence, the referee concluded that the defendants owed the plaintiff $101,275. The referee did not recommend the award of interest or attorney's fees.
Since the Supreme Court has determined that the contract between the parties complies with the Home Improvement Act, and the defendants agree that they owe the plaintiff $67,474 in accordance with the September 20, 1993 amendment to the contract, the only "remaining objection" to the attorney trial referee's report and recommendation is that filed by the defendants who contend that the evidence did not justify the referee's finding that the defendants had ordered and received $33,801 of extras.
With respect to the extras ordered by the defendants, the referee indicated in his report dated January 26, 1996 that "after considering all the evidence, the Referee finds that the scope of work was expanded after the Amendment was executed." He made this calculation as follows: "subtracting the budgeted cost of $875,579 at the time the Amendment was entered into, from the ultimate total cost of $909,380 [which] amount represents additions to the scope of work requested by Mr. Dowling after the amendment was entered into." The defendants contend that the plaintiff's own billing forms, requisitions #7 and #8, indicate that, at most, $24,870.69, which includes a 17% "markup," was due the plaintiff for extras ordered by the defendants after the original contract was amended on September 20, 1993.
The referee certainly was entitled to conclude that the defendants ordered extras as one of the exhibits contains 19 separate items under a heading "Extras ordered by Joe Dowling." An employee of the plaintiff, who prepared this list, was asked during the trial before the referee whether he had been requested CT Page 13056 to "assist [the plaintiff] in preparing a list of items that were not — Well, what did they ask you . . . ?" Answer: "[The plaintiff] asked me to prepare a list of things that were extra not directly part of the plan." On direct examination by counsel for the defendants, this witness, Jeffrey Judge, was asked: "Have you prepared a list of what are claimed to be extras requested by Joe Dowling?" Answer: "Things that I was asked to prepare a list of things that were not indicated on the plans that I believe to be . . . If it was not indicated on the plans, I had put it on the list, if you cannot assume it from the plans."
With respect to the amount of extras, another exhibit entitled "Dowling Requisition #8," refers to a budget of $875,579 and a "revised" requisition., of $909,380. The difference is $33,801, described in this requisition as an "increase," and that is the amount used by the referee to represent extras.
Although there is nothing inherently implausible about the defendants' method of calculation of extras, which would amount to $24,870.69, there is nothing illegal or illogical about the referee's calculation either. There referee's determination is accepted based on the scope of review that this court must apply to such factual findings. In Elgar v. Elgar, 238 Conn. 839,679 A.2d 937 (1996), the Supreme Court held that, "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book [§ 19-17, formerly] § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) Id., 848-49.
Based on this standard of review, the issue of the amount of extras is resolved in the plaintiff's favor and the defendants' objection thereto is overruled. The debt due the plaintiff is found to be $101,275, as recommended by the referee, and judgment may enter in its favor against the defendants in that amount. CT Page 13057
The plaintiff seeks attorney's fees pursuant to General Statutes § 52-249 (a), as this action seeks a foreclosure of a mechanic's lien. This case should now be claimed by the plaintiff to the foreclosure short calendar so that the proper method of foreclosure, date thereof, value of the premises and other considerations may be decided at that time. The matter of attorney's fees pursuant to General Statutes § 52-249(a) may also be considered at that time, but no attorney's fees in connection with the underlying contract action are being awarded because the attorney trial referee declined to make such a recommendation. Moreover, there is no statutory or other authority to award attorney's fees to a prevailing party in connection with an underlying breach of contract action. Attorney's fees are based on General Statutes § 52-249(a) and pertain exclusively to the foreclosure aspect of the action.
The plaintiff also seeks interest. The attorney trial referee did not recommend that interest be awarded. Interest for the wrongful withholding of money is quintessentially within the discretion of the fact finder. "The determination of whether interest pursuant to [General Statutes §] 37-3a should be awarded is a question for the trier of fact." Foley v. HuntingtonCompany, 42 Conn. App. 712, 738, 682 A.2d 1026, cert. denied239 Conn. 931, 638 A.2d 397 (1996).
The plaintiff makes the point that it is entitled to interest pursuant to the contract itself, which does so provide, but the failure to file objections to the report, as authorized by Practice Book § 19-14[1], precludes this court from awarding interest based on the construction agreement between the parties. According to Rostenberg-Doern v. Weiner, 17 Conn. App. 294, 301,552 A.2d 827 (1989), the failure to "follow the appropriate procedural guidelines" resulted in the court being "precluded from reviewing [plaintiff's] claim." Moreover, the Supreme Court's remand refers to "objections" to the report, not to exceptions per Practice Book § 19-13, which the plaintiff did file. Therefore, no award of either attorney's fees or interest is made.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of September, 1999.
William B. Lewis, Judge
CT Page 13058